IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:11-CR-137-BO

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| CHRISTOPHER N. MCFADGEN | ) |
| | ) |

This cause comes before the Court on defendant's motion to request a judicial recommendation. [DE 56]. The government has responded, [DE 58], and the matter is ripe for disposition. For the following reasons, defendant's motion is denied.

## BACKGROUND

On June 5, 2013, defendant was sentenced by this Court to 132 months of imprisonment, based upon his plea of guilty for distributing a quantity of cocaine base, in violation of 21 U.S.C. § 841(a)(1). [DE 39, 40]. Defendant's sentence was subsequently reduced to 94 months of imprisonment. [DE 47]. Defendant is currently serving his sentence at a federal detention facility in Jesup, Georgia. Defendant's anticipated release date is June 3, 2018. On February 6, 2017, defendant filed the instant motion asking the Court to recommend to the Bureau of Prisons ("BOP") that he serve the final twelve months of his sentence in a Residential Re-entry Center ("RRC"). [DE 56].

## DISCUSSION

As provided for by 18 U.S.C. § 3621, the BOP is charged with the task of designating where a federal inmate will be imprisoned. See 18 U.S.C. § 3621(b). Additionally, 18 U.S.C. § 3624 provides that a federal inmate may be granted pre-release custody, in which he is permitted to serve a portion of his federal sentence in the community, whether it be in home

confinement or placement in a community correctional facility. 18 U.S.C. § 3624(c). The BOP considers all five factors enumerated in § 3621(b), as well as the guidelines under § 3624(c)(1), and makes an individual determination regarding each inmate's placement into an RRC. *See Miller v. Whitehead*, 527 F.3d 752 (8th Cir. 2008); *Wedelstedt v. Wiley*, 477 F.3d 1160, 1166–68 (9th Cir. 2007); *Levine v. Apker*, 455 F.3d 71, 87 (3d Cir. 2006); *see also* 28 C.F.R. § 570.22 (effective Oct. 21, 2008). The fourth factor under § 3621(b) incorporates any recommendations by the court regarding the "type of penal or correctional facility" to be selected for the defendant.

Additionally, "[a] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotation marks omitted) (alteration in original); 18 U.S.C. § 3582(c). These limited circumstances include, motion from the Director of the Bureau of Prisons based on "extraordinary and compelling reasons," defendant's advanced age, a motion by the government pursuant to Federal Rule of Criminal Procedure 35, or upon motion from the BOP director or Court pursuant to a lowered sentencing range. 18 U.S.C. § 3582(c).

Here, defendant has not put forth any statute or rule or otherwise demonstrated that circumstances exist which would permit a modification of the judgment and sentencing recommendation. Without this, the Court is unable to modify a final judgment. While the Court recognizes defendant's significant accomplishments while incarcerated, the Court is also not responsible for making a determination regarding defendant's RRC placement, aside from its already incorporated sentencing recommendation, and therefore the motion must fail.

Moreover, movant has not included any information indicating that he has pursued his claim in the BOP's administrative remedy system before seeking judicial relief. *See McKart v.*

*United States*, 395 U.S. 185, 193 (1969) ("The doctrine provides 'that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted.'") (quoting *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50–51, 58 (1938)). Accordingly, the matter is not properly before the Court at this time.

## CONCLUSION

For the foregoing reasons, defendant's motion seeking a judicial recommendation [DE 56] is DENIED.

SO ORDERED, this __15__ day of May, 2017.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE